NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDA C. VILES,

                    Plaintiff - Appellant,

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                    Defendant - Appellee.

No. 09-35783

D.C. No. 3:08-cv-06093-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 14, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

        Appellant Linda C. Viles challenges the district court's judgment upholding

Appellee Commissioner of Social Security's determination that Viles was not

disabled.

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

As the parties recognized during oral argument, this was a close case, with the record containing conflicting evidence regarding whether the claimant was disabled. When there are conflicting views of the medical evidence and the Administrative Law Judge selects one view over the other, our precedent mandates affirmance. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (recognizing that "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation") (citations omitted).

**AFFIRMED.**

***Viles v. Astrue,*** **No. 09-35783,** ***Pregerson, J.*,** **Dissenting.**

I dissent. Although this is a close case, I believe that, on balance, the evidence weighs in favor of the claimant, Linda Viles. Viles is a sixty-one year-old woman whose life has been turned upside down by severe manic episodes caused by bipolar affective disorder.

The ALJ erred in not considering the medical reports of two treating physicians and one examining physician, all of whom found that Viles exhibited symptoms while on medication. We have previously held that "the opinion of a treating physician is generally entitled to the greatest weight." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The Social Security Regulations provide that "[t]reatment [must] clearly [be] expected to restore capacity to engage in any [substantial gainful activity]." SSR 82-59(3), 1975-1982 Soc .Sec. Rep. Serv. 793, 1982 WL 31384 (S.S.A.). The three physicians' medical reports constitute substantial evidence that Viles's treatment – taking Lithium – does not fully restore her capacity to engage in a normal life, including work.

Further, record evidence suggests that when Viles either stopped taking her medication or overdosed, she did so because of her disorder. ER 158-160. In addition, the ALJ's Residual Functional Capacity report did not account for all of Viles's limitations. This error was not harmless because the ALJ based his finding that Viles was not disabled at least in part on the Residual Functional Capacity

report.  Finally, the ALJ erred in discrediting Viles's testimony without offering any "clear and convincing" reasons for doing so.  *See Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989).  The ALJ based his reasoning on the general finding that Viles "does okay" while on medication, which the record evidence shows is not the case.  For the above reasons, I cannot join the majority's decision.